```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
VANTIUM REO CAPITAL MARKETS L.P.,

                        Plaintiff,
                                                                    ORDER DENYING
                                                                    RECONSIDERATION
    - against -                                                     14-CV-3919 (RRM) (LB)

EMMA FEQUIERE and MATTHEW FEQUIERE,

                        Defendants.
----------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.
```

On June 20, 2014, Emma Fequiere and Matthew Fequiere, proceeding *pro se*, filed a Notice of Removal, ostensibly seeking to "remov[e] to the United States District Court for the Eastern District of New York the case brought by plaintiff . . . in the Supreme Court of the State of New York, County of Nassau . . . , Index No. 601873/08." (Doc. No. 1 at 1.) On July 8, 2014, this Court remanded the case to Nassau County Supreme Court, finding that it lacked subject matter jurisdiction. (*See* Doc. No. 5.) Subsequent to the issuance of that Memorandum and Order, Emma and Matthew Fequiere filed several additional documents styled as follows: (1) an "Amended Notice of Removal"; a "Supplemental Exhibit"; (3) a motion for an extension of time to respond by Matthew Fequiere; an answer to the complaint by Emma Fequiere; and a motion for reconsideration of remand by Emma Fequiere. (Doc. Nos. 7–12.) For the reasons set forth below, reconsideration is denied and this case shall remain closed.

## DISCUSSION

The standard for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the

court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Arum v. Miller*, 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003) (on reconsideration, court must find that it overlooked matters or controlling decisions which, if considered, would have mandated a different result). Local Rule 6.3 is likewise "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461–62 (S.D.N.Y. 2001) (citations and quotation marks omitted).

"The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). "Courts have repeatedly warned parties that motions for reconsideration should not be made reflexively in order to reargue 'those issues already considered when a party does not like the way the original motion was resolved.'" *Families for Freedom v. U.S. Customs & Border Prot.*, No. 10-CV-2705 (SAS), 2011 WL 4599592, at *2 (S.D.N.Y. Sept. 30, 2011) (quoting *Makas v. Orlando*, No. 06-CV-14305 (DAB), 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008)) (internal quotation marks omitted).

As the Court explained in its prior Memorandum and Order, "federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). The Court must determine whether it has subject matter jurisdiction and, if necessary, remand a case to state court. *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 295 (2d Cir. 2000). Where an action has been removed, "[t]he burden is on the removing party to prove that it has met the requirements for removal." *Codapro Corp. v. Wilson,* 997 F. Supp. 322, 325 (E.D.N.Y. 1998)

(citations omitted); *see also Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009).

After reviewing the Notice of Removal originally filed by Emma and Matthew Fequiere, the Court concluded that it lacked subject matter jurisdiction. Defendants' request for reconsideration does little more than reiterate their original position as to removal. "[A] motion for reconsideration should not be used as a vehicle simply to voice disagreement with the Court's decision, . . . nor does it present an occasion for repeating old arguments previously rejected or an opportunity for making new arguments that could have previously been made." *Premium Sports Inc. v. Connell*, No. 10-CV-3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (internal citations and quotations omitted); *see also Goonewardena v. North Shore Long Island Jewish Health System*, No. 11-CV-2456 (MKB), 2014 WL 1271197, at *4 (E.D.N.Y. Mar. 26, 2014).

Defendants' additional documents do nothing to undermine the Court's finding that it lacks subject matter jurisdiction. Indeed, the "Supplemental Exhibit" actually *supports* the Court's decision to remand because the filing indicates that the total amount sought in the state holdover proceeding – the only proceeding for which court documents were provided – does not exceed $15,933.33. (*See* Doc. No. 8-1 at 2.) Nothing defendants submitted demonstrates that removal is proper, or that this Court incorrectly determined that lacked jurisdiction over this matter. As such, defendants have failed to demonstrate that this Court overlooked matters that might reasonably be expected to alter its conclusion. *See Shrader*, 70 F.3d at 257.

Reconsideration is therefore denied.[1]

---

[1] For the same reasons, Matthew Fequiere's motion for an extension of time to file an additional response, (Doc. No. 9), is also denied.

**CONCLUSION**

For the foregoing reasons, reconsideration is denied and this action shall remain closed. As this action has been remanded to the Supreme Court of the State of New York, Nassau County, this Court will accept no further submissions from defendants, with the exception of the filing of any notice of appeal. The Clerk of Court is therefore directed to return without filing, and without judicial order, any further documents filed in this case, with the exception of a notice of appeal, that defendants may submit.

Although defendants paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to transmit a copy of this Order via U.S. Mail to the *pro se* defendants at their respective addresses, and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York  
      August 13, 2014

*Roslynn R. Mauskopf*  
_____  
ROSLYNN R. MAUSKOPF  
United States District Judge